RECEIVED
USDC, WESTERN DISTRICT OF LA.
TONY R. MOORE, CLERK
DATE 12/9/10
BY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CIVIL ACTION NO. 10-813 |
| VERSUS | JUDGE ROBERT G. JAMES |
| THORNTON GREEN, JR., ET AL. | MAG. JUDGE KAREN L. HAYES |

## RULING

Pending before the Court is a Motion for Summary Judgment [Doc. No. 17] filed by Plaintiff United States of America. For the following reasons, the motion is GRANTED.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On February 16, 1995, Defendants Thornton Green, Jr., and Ethel Green executed a promissory note ("the Note") payable to Plaintiff, acting through the Farmers Home Administration ("FmHA") (now known as the Farm Service Agency ("FSA")), "in the original principal sum of $26,000.00, bearing interest at the rate of 5% per annum, payable in equal consecutive annual installments of $1568.00 commencing on January 1st of each year until principal and interest are fully paid." [Doc. No. 1-2]. The Note states that, if Defendants fail to make payments on the Note, then Plaintiff may declare the unpaid sum of the Note immediately due.

To secure payment of the Note, Defendants executed a mortgage ("the Mortgage") on real property they owned in East Carroll Parish, Louisiana.[1] [Doc. No. 1-3]. On February 17, 1995, the

---

[1] The Mortgage identifies the real property as:

The Northwest Quarter (NW 1/4) of the Southeast Quarter (SE 1/4) of Section 45, Township Twenty-One (21) North, Range Twelve (12) East, East Carroll Parish, Louisiana, being the same property acquired by Cosea Headd, et al, from the Succession of Emmett Headd filed for record March 31, 1971, in Conveyance Book "82" at page 581, records of East Carroll Parish, Louisiana; and being the

parties filed the Mortgage in the official records of East Carroll Parish, Louisiana.

Some time thereafter, Defendants died intestate.

Since March 3, 1995, no payments have been made on the Note, and Plaintiff has since declared the unpaid sum of the Note immediately due.

As of April 28, 2010, $27,250.00 in principal and $20,391.09 in interest remained owing on the Note.

On May 19, 2010, Plaintiff filed suit against Defendants. The Court appointed counsel to represent the deceased Defendants. [Doc. Nos. 3 & 12].

---

property acquired by Thornton Green, Jr., from Maggie Micou et al by deed dated, filed and recorded August 4, 1971, as Register No. 36742 in Conveyance Book "83" at page 265, records aforesaid.

SUBJECT TO:

Right of way grant by Emmett Headd to Louisiana Power & Light Company dated April 3, 1962, filed for record April 16, 1962, at 9:00 o'clock A.M. in Conveyance Book "68" at page 494, records of East Carroll Parish, Louisiana.

A right of way 15 feet wide over and across said above described land for a ditch and the digging, construction and maintenance thereof to convey water for the purpose of draining the lands as contained in Act of Sale with Mortgage from The Desha Lumber Company to Emmett Headd dated, filed and recorded October 1, 1936, at 4:00 o'clock P.M. in Conveyance Book "NN" at page 191, records of East Carroll Parish, Louisiana.

A right of way 20 feet wide over and across the lands hereinabove described for the right of passage and of way across said lands to serve as a road for the use of the public as contained in Act of Sale with Mortgage from The Desha Lumber Company to Emmett Headd dated, filed and recorded October 1, 1936, at 4:00 o'clock P.M. in Conveyance Book "NN" at page 191, records of East Carroll Parish, Louisiana.

A reservation of all oil, gas and mineral rights by Vendor in deed from Delta Fertilizer, Inc. to Thornton Green, Jr. in deed dated February 16, 1995, records of East Carroll Parish, Louisiana.

On October 26, 2010, Plaintiff filed a Motion for Summary Judgment [Doc. No. 17]. No response was filed.

## II. LAW AND ANALYSIS

### A. Summary Judgment Standard

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c)(2). The moving party bears the initial burden of informing the court of the basis for its motion by identifying portions of the record which highlight the absence of genuine issues of material fact. *Topalian v. Ehrmann*, 954 F.2d 1125, 1132 (5th Cir. 1992).

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). The nonmoving party must show more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In evaluating the evidence tendered by the parties, the Court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255. However, a party's failure to file an opposition and statement of contested material facts requires the Court to deem the moving party's statement of uncontested material facts admitted for purposes of the instant motion. LR 56.2W.

### B. Promissory Note

Plaintiff asserts that the Note is in default and that it is entitled to an *in rem* judgment on the real property identified in the Mortgage.

"Under a nationwide federal loan program like that of [the] FmHA, it is settled that federal law ultimately controls the government's rights and responsibilities." *Farmers Home Admin. v.. Muirhead*, 42 F.3d 964, 965 (5th Cir. 1995) (citing *United States v. Kimbell Foods, Inc.*, 440 U.S. 715 (1979)). "To recover on a promissory note, the government must show [that] (1) the defendant signed [the note], (2) the government is the present owner or holder [of the note], and (3) the note is in default." *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001) (citation omitted). A party establishes a valid cause of action on a promissory note when it alleges that it is the holder and owner of the note and that the note is in default. *See American Bank v. Saxena*, 553 So.2d 836, 842 (La. 1989).

The FSA has submitted summary judgment-type evidence (1) that Defendants signed the Note, (2) that the FSA is the holder and owner of the Note, and (3) that the Note is in default because no payments have been made on the Note since March 3, 1995. Defendants did not file a response, and there is no evidence in the record contradicting the FSA's evidence. Therefore, the FSA is entitled to an *in rem* judgment on the real property described in the Mortgage to recover on the Note. The FSA's Motion for Summary Judgment is GRANTED.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Summary Judgment [Doc. No. 17] is GRANTED.

MONROE, LOUISIANA, this 9 day of December, 2010.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE